WILLIAM BOYNTON *vs.* DANIEL LAIGHTON.

Evidence of the declarations of third persons is inadmissible to charge a defendant, until some evidence of their agency is offered.

In an action to recover for lumber sold on the order of a third person, and delivered upon land of the defendant, and used in the erection of a shop for him, evidence of a previou written contract between the defendant and the third person, by which the latter agreed to build the shop and to furnish all the materials therefor, is competent.

After the plaintiff and defendant have introduced all the evidence on which they intend to rely, it is within the discretion of the court to reject further evidence offered by the plaintiff in explanation of a fact elicited by an inquiry made by a juror, as the last witness was leaving the stand.

CONTRACT for lumber sold and delivered, for which the plaintiff claimed that he was to be paid in marble chimney-pieces from the defendant's shop.

At the trial in the superior court, the principal question was, whether the sale was made to the defendant or to one Boyer. The plaintiff introduced evidence showing that the lumber was selected by Boyer, and was delivered upon a vacant lot of land belonging to the defendant, and was used in the erection of a shop for the defendant. The plaintiff testified in his own behalf, and was asked by his counsel what Boyer said at the time of selecting the lumber; but *Morton*, J., excluded the evidence, unless it should first be shown that Boyer was the defendant's agent. The plaintiff then called one Flynn as a witness, who testified that the plaintiff sent him to the defendant's shop to select some chimney-pieces, on account of the lumber sold, and that the defendant was not in when he called. The plaintiff then asked him what was said as to the sale of the lumber by the defendant's clerk or agent in the shop; but the evidence was excluded.

43 *

The defendant was allowed to introduce in evidence, under objection, a written contract between Boyer and himself, made before the purchase of the lumber, by which Boyer agreed to build the shop in question and to furnish all the materials therefor.

The defendant recalled the plaintiff, and, as the witness was about to leave the stand, the evidence being closed, a juror asked him to whom he charged the lumber. No objection was made by either party to the question, and he replied, to Boyer. He further testified, in reply to questions put by his counsel, and not objected to, that the charge was merely an entry of the order of the lumber by Boyer, and that the entry was made without his knowledge, by mistake of his clerk. His counsel further inquired of him by whom the charge was made, and how it came to be made to Boyer; and offered to show that what was called a charge was a mere entry of an order of the lumber by Boyer, and that the entry was made by the clerk without his knowledge. But the court rejected the evidence, on the ground that it was too late, and that the matters offered to be proved were only a repetition of what the witness had already testified to.

A verdict was returned for the defendant, and the plaintiff alleged exceptions.

*H. C. Hutchins*, for the plaintiff.

*J. C. Park*, for the defendant, was not called upon.

BIGELOW, C. J. These exceptions cannot be sustained.

1. The declarations of third persons were inadmissible to affect the rights of the defendant, until proof had been offered, sufficient to satisfy the mind of the court, that the relation of principal and agent subsisted between the defendant and the persons whose statements the plaintiff sought to put in evidence. The competency of evidence is to be decided by the court; and, when the question of its admissibility depends on the determination of a fact, it is the province of the judge to say whether the fact is sufficiently established to render the evidence admissible. 1 Greenl. Ev. § 49. *Gorton* v. *Hadsell*, 9 Cush. 508. In this case it does not appear that the plaintiff

offered any proof of the agency of the persons whose testimony was rejected by the court.

2. The contract between the defendant and Boyer for the erection of a shop on the defendant's land was relevant and material to the issue, and tended directly to rebut evidence offered by the plaintiff in support of his case. One of the main facts on which he relied was, that the lumber, though selected by Boyer, was actually delivered on the defendant's land, and was used in the erection of a shop thereon. Standing by itself, this was sufficient to prove a sale and delivery to the defendant. But evidence that there was a previous written contract between the defendant and the person who selected the lumber, to erect the shop and furnish the materials therefor, tended to rebut the inference, which might have been drawn from the delivery and use of the lumber on the defendant's premises. It was not *res inter alios acta*, but an independent fact bearing directly on the substance of the issue. It is analogous to the case of articles furnished to repair a house. Evidence that they were delivered and used on the premises would *prima facie* render the owner liable therefor. But there can be no doubt that it would be competent to prove, in answer to such a case, that the estate was previously leased to a tenant, who selected the lumber, and who was bound to make all repairs during the continuance of the term.

3. The objection, founded on the refusal of the court to admit further evidence in regard to the entry on the plaintiff's books, is not open on these exceptions; because it was wholly within the discretion of the court, in the stage which the case had then reached, to receive or reject the evidence.

*Exceptions overruled.*